**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

CAPT. JOHN MCQUILLIAMS, Individually,
and on Behalf of Others Similarly Situated;
CAPT. JASON SMITH, Individually, and on
Behalf of Others Similarly Situated; MSGT.
PATRICK MCKIMMIE, Individually, and on
Behalf of Others Similarly Situated; NANCY
SWENSON, Individually, and on Behalf of
Others Similarly Situated; CAPT. MICHAEL
CLEVELAND, Individually, and on Behalf of
Others Similarly Situated; and DEBRA
GILBERTSON, Individually, and on Behalf of
Others Similarly Situated,

        Plaintiffs,

    v.

INTERNATIONAL AUTO LOGISTICS, LLC,

        Defendant.

CIVIL ACTION NO.: 2:14-cv-124

# O R D E R

This matter comes before the Court on the parties' Joint Motions to File Under Seal, (docs. 71, 75), and the parties' Consent Motion for Modification of the June 26 2015 Scheduling Order, (doc. 74). For the reasons set forth below, the parties' Motions are **GRANTED**.

## I.    Motions to Seal

The parties request that Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Class Certification and its attachments, as well as Defendant's Sur-reply to Plaintiff's Reply in Support of their Motion for Class Certification and its attachments be filed under seal.

The right of access to judicial records pursuant to common law is well-established. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); see also Brown v. Advantage

Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992). This right extends to the inspection and the copying of court records and documents. See Nixon, 435 U.S. at 597. The right to access, however, is not absolute. See Globe Newspaper Co. v. Superior Court for Norfolk Cty., 457 U.S. 596, 598 (1982). When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any significant interests raised by the party seeking to file under seal. See Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001); Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983). In balancing the interests, courts consider, among other things: whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. Romero v. Drummond Co., Inc., 480 F.3d 1234, 1246 (11th Cir. 2005). Additionally, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Id. (citing Nixon, 435 U.S. at 598.)

This Court's Local Rule 79.7 sets forth procedures for a party to request that documents be filed under seal. This Court does not allow the automatic filing of documents under seal. Rather, a "person desiring to have any matter placed under seal shall present a motion setting forth the grounds why the matter presented should not be available for public inspection." Local R. 79.7. If the Court denies the Motion to Seal, the Clerk of the Court shall return the materials which the person sought to file under seal, and the person then has the option of filing the materials on the Court's open docket. Id.

The parties have shown good cause for filing Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Class Certification and its attachments, as well as Defendant's Sur-reply to Plaintiff's Reply in Support of their Motion for Class Certification and its attachments under seal. The parties have established that sealing these records is necessary to protect Defendant's proprietary information and information that implicates national security interests. (Doc. 56.) Furthermore, having reviewed these records, the Court finds that the need to seal these records outweighs the public's interest in accessing these records. For these reasons, the parties' Motions to Seal, (docs. 71, 75) are **GRANTED**. The Clerk of Court is hereby **DIRECTED** to file Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Class Certification and Defendant's Sur-reply to Plaintiff's Reply in Support of their Motion for Class Certification and all exhibits thereto **UNDER SEAL** until further Order of this Court. This sealing order extends only to the contents of the underlying filing. The documents which already have been filed under seal shall **REMAIN** under seal.

## II. Consent Motion to Modify Scheduling Order

The parties also request that the Court modify its June 26, 2015 Scheduling Order, (doc. 33), so as to extend the remaining deadlines for one hundred and twenty (120) days. The parties represent that they have proceeded diligently with discovery in this matter but that they are in need of additional time in which to complete necessary discovery in order to prepare this matter for trial. The parties have made specific showings of what they have accomplished to date in discovery, what remains to be accomplished, and why the parties were not able to comply with the original deadlines. **THEREFORE,** pursuant to Federal Rule of Civil Procedure, 16(b)(4), the Court finds good cause to amend the Scheduling Order, and **IT IS HEREBY ORDERED** that the following deadlines established in the June 26 2015 Scheduling Order, (doc. 33), are

extended as follows.  Discovery shall close on **August 13, 2016**.  All motions, including *Daubert* motions but excluding motions in limine, shall be filed by **October 13, 2016**.  The joint consolidated proposed pretrial order shall be filed by **December 13, 2016**.[1]

      **SO ORDERED**, this 20th day of May, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The pretrial order shall be in the format for Chief Judge Lisa Godbey Wood.  The required form can be located at the Court's website www.gas.uscourts.gov under "forms."